UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HSBC Bank USA, N.A., as Indenture Trustee for the registered Noteholders of Renaissance Home Equity Loan Trust 2006-3,<br><br>                      Plaintiff,<br><br>-v-<br><br>Frank DiVito, and "John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,<br><br>                      Defendants. | 2:25-cv-1100<br>(NJC) (ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff HSBC Bank USA, N.A. ("HSBC") invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) in a foreclosure action under New York law against Defendants Frank DiVito ("DiVito") and "John Doe #1 through John Doe #13." (*See* Compl., ECF No. 1.) On March 3, 2025, this Court issued an Order to Show Cause requiring HSBC to show why this action should not be dismissed for lack of subject matter jurisdiction by March 10, 2025. (Order Show Cause, ECF No. 8.)

HSBC filed a timely response to the Court's March 3, 2025 Order to Show Cause ("Response") on March 10, 2025. (Order Show Cause Resp. ("Resp."), ECF Nos. 10, 10-1–13.) HSBC included a Memorandum of Law and the affidavit of Claribel Lopez, a Contract Management Coordinator with PHH Mortgage Corporation, the "servicer and attorney in fact for" HSBC, and attached exhibits. (Pl.'s Mem. L., ECF No. 10-13; Lopez Aff., ECF No. 10.)

The exhibits attached to the Lopez Declaration include: (1) a "Certificate of Corporate Existence from the Office of the Comptroller of the Currency" (the "OCC"), dated July 16, 2014 (Lopez Aff. Ex. L at 1, ECF No. 10-8); (2) an undated screenshot of a "Financial Institution Search" from the OCC's website (*id.* at 2); (3) a screenshot of a LexisNexis Accurint for Collections search ("Accurint search"), dated January 1, 2025 (Lopez Aff. Ex. I ("Accurint search"), ECF No. 10-9); and (4) a "DMV abstract," dated March 6, 2025 (Lopez Aff. Ex. J ("DMV abstract"), ECF No. 10-10).

The Court has reviewed the entire record, including but not limited to HSBC's Complaint and its Response. For the reasons set forth below, HSBC has failed to establish that this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## LEGAL STANDARDS

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted). This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120-21 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction.").

In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

For diversity purposes, "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016).

## DISCUSSION

Although the amount in controversy requirement is met, HSBC has failed to demonstrate complete diversity of citizenship between the parties as required for jurisdiction under 28 U.S.C. § 1332(a).[1]

The record demonstrates that DiVito is a citizen of New York. Lopez attests that the results of the Accurint search and the DMV abstract indicate that DiVito's address is "337 Forest Lane, Smithtown, New York 11787," the premises at issue in this foreclosure action. (Lopez Aff. ¶¶ 7, 13, 14; *see also* Accurint search; DMV abstract; Pl.'s Mem. L. at 2.) The results of the Accurint search, dated January 1, 2025, indicate that DiVito has had only New York addresses and that, since August 2017, DiVito has had no address other than the Smithtown premises. (Accurint search.) The DMV abstract is a New York Department of Motor Vehicles record for "DIVITO, FRANCESCO, P,"[2] which is dated March 6, 2025 and indicates that DiVito has a valid license and that his address is "337 FOREST LN SMITHTOWN NY 11787." (DMV abstract.) These records show that DiVito is domiciled in New York because New York is "the

---

[1] As set forth in the Court's March 3, 2025 Order to Show Cause, HSBC has established that the amount in controversy exceeds the $75,000 requirement set forth in 28 U.S.C. § 1332(a) by alleging in the Complaint damages in an "unpaid principal amount due" of $370,876.03 as well as other costs and fees. (Order Show Cause at 4; *see also* Compl. ¶ 20.)

[2] The Accurint search indicates "FRANCESCO P DIVITO" is a name associated with DiVito. (Accurint search). The Court understands that the DMW abstract is for DiVito because the Accurint search indicates "FRANCESCO P DIVITO" is a name associated with DiVito at the 337 Forest Ln, Smithtown, NY 11787 address. (Accurint search).

place where" he has his "true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53. DiVito is therefore a New York citizen for the purposes of diversity jurisdiction.

However, HSBC has failed to establish its own citizenship. As a national bank, HSBC "is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A.*, 827 F.3d at 219. Lopez attests that the OCC's Certificate of Corporate Existence, dated July 16, 2014, "discloses that HSBC is a national banking association . . . in McLean, Virginia" and that the OCC's website currently indicates that HSBC's "Corporate Address" is "1800 Tysons Boulevard, Tysons, VA 22102." (Lopez Aff. ¶ 11; *see also* Lopez. Aff. Ex. L.) Additionally, in its Memorandum of Law, HSBC directs the Court to the website of the Federal Deposit Insurance Corporation, which lists HSBC's "Main Office Address" as "1800 Tysons Blvd Ste 560 Tysons, VA 22102." (Pl.'s Mem. L. at 2 & 2 n.1.) Neither the Complaint nor any of the submissions in HSBC's Response indicates the state identified in HSBC's articles of association as the location of the bank's main office or whether the Federal Deposit Insurance Corporation's website reflects this information. Because HSBC has failed to establish the state in which its main office is located as set forth in its articles of association, it has failed to establish its own citizenship for the purposes of diversity jurisdiction. *OneWest Bank, N.A.*, 827 F.3d at 219.

Having failed to establish its own citizenship, HSBC has also failed to establish that there is complete diversity of citizenship between the parties as required for jurisdiction under 28 U.S.C. § 1332(a). *See Tagger*, 951 F.3d at 126.

## CONCLUSION

For the reasons set forth above, HSBC has failed to establish that the parties to this action are completely diverse as required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
       March 24, 2025

                                                     */s/ Nusrat J. Choudhury*
                                                     NUSRAT J. CHOUDHURY
                                                     United States District Judge